UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SPENCER, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:06-cv-1209 (JCH) |
| | : | |
| CITY OF STAMFORD, STAMFORD POLICE | : | |
| DEPARTMENT, FREDERICK CARUSO, | : | |
| EUGENE DOHMAN, LARRY EISENSTEIN, | : | |
| DOUGLAS ROBINSON, WAYNE SCUTARI, | : | |
| THOMAS SNYDER, AND THE STATE OF | : | |
| CONNECTICUT | : | |
| Defendants. | : | APRIL 18, 2007 |

**RULING RE: SNYDER AND STATE OF CONNECTICUT'S MOTION TO DISMISS**
**[Doc. No. 17]**

Plaintiff Michael Spencer brings this action against the defendants, the City of

Stamford, the Stamford Police Department, Frederick Caruso, Eugene Dohman, Larry

Eisenstein, Douglas Robinson, Wayne Scutari, Thomas Snyder, and the State of

Connecticut.  Spencer seeks monetary damages for the defendants' alleged violation of

his right to be secure against unreasonable searches and seizures as guaranteed by

the Fourth Amendment to the United States Constitution and Article I, Section 7 of the

Constitution of the State of Connecticut.  Spencer's Fourth Amendment claim is brought

pursuant to 42 U.S.C. § 1983.  Spencer also appears to allege state law claims for the

damage done to his home by the defendants, and for the emotional distress Spencer

suffered as a result of the defendants' actions.

Snyder and the State of Connecticut have moved to dismiss the Complaint as to

them, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the

reasons that follow, the defendants' Motion to Dismiss (Doc. No. 17) is granted.

**I.      STANDARD OF REVIEW**

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir.2003). Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir.2000). " '[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " York v. Assn. of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.) (quoting Scheuer, 416 U.S. at 236), *cert. denied*, 537 U.S. 1089 (2002). In other words, " 'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.' " Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir.2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir.1980)). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir.2002) (internal quotation marks and citation omitted).  The court gives the allegations of pro se litigants, such as Spencer, a liberal construction.  Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983).

## II. BACKGROUND

The Supreme Court of Connecticut has detailed the underlying facts of this case in Connecticut v. Spencer, 268 Conn. 575, 578-81 (2004), which Spencer incorporates by reference in his Complaint. The court only includes the facts relevant to this decision.

On April 12, 2000, the sheriff's office of Shelby County, Tennessee alerted the Stamford Police Department that it had intercepted a Federal Express parcel containing marijuana was to be delivered to a "Sylvia Sloan" at 16 Lipton Place in Stamford, Connecticut. The Stamford police then conducted a "controlled delivery" of the package to Spencer's multi-apartment residence. After Spencer accepted the package, the police searched his apartment and found a crack pipe, a plate containing crack cocaine, and a rolled up dollar bill containing crack cocaine.

Spencer was subsequently charged with possession of a cannabis-type substance with intent to sell, in violation of Conn. Gen. Stat. ¶ 21a-278(b) and possession of narcotics, in violation of Conn. Gen. Stat. ¶ 21a-279(a). The trial court denied Spencer's motion to suppress the evidence of crack cocaine seized from his apartment on the ground that the evidence has been illegally obtained by an unconstitutional search. Spencer was subsequently convicted of the narcotics possession count for the cocaine found in his apartment, but acquitted on the charges related to his acceptance of the package containing marijuana.

On April 27, 2004, the Connecticut Supreme Court reversed Spencer's conviction with directions to the trial court to grant Spencer's motion to suppress. Spencer, 268 Conn. at 600. Spencer filed the instant suit on July 28, 2006.

## III.     DISCUSSION

Snyder and the Stat of Connecticut assert a number of grounds for dismissing

this action as to them.  Def. Motion at 1 (Doc. No. 17).  The court only addresses two of

these grounds in deciding this motion.[1]

### A.        Sovereign Immunity

Invoking the Eleventh Amendment, the defendants assert that this suit should be

dismissed against the State of Connecticut in whole and against Snyder in his official

capacity.  The court agrees.  While, as Spencer notes, the express terms of the

Eleventh Amendment[2] would only bar suits brought against states by citizens of another

---

[1]Though the court addresses only two of the defendants' grounds for dismissing the
Complaint, the court notes that Spencer's § 1983 claim may be completely barred by the three-
year statute of limitations for filing such actions.  See Williams v. Walsh, 558 F.2d 667, 670 (2d
Cir. 1977).  Federal law determines the accrual date of a §1983 action.  Wallace v. Kato, __
U.S. __ , 127 S.Ct. 1091, 1095 (2007).  Accrual generally occurs "when the plaintiff has a
complete and present cause of action," id. (quotations and citations omitted), or, "when the
plaintiff knows or has reason to know of the harm."  Eagleston v. Guido, 41 F.3d 865, 871 (2d
Cir. 1994).  Spencer's complaint appears to challenge the legality of the search of his home on
April 12, 2000.  He filed this action nearly six years later, on July 28, 2006.  Because it appears
that Spencer's unreasonable search claim would not necessarily render his conviction invalid,
see Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994), it also appears that Spencer's harm
occurred "by the invasion of his zone of privacy."  Day v. Morgenthau, 909 F.2d 75, 77 (2d
Cir.1990).
        Spencer argues that the applicable statute of limitations did not begin to accrue until
April 27, 2004, when the Connecticut Supreme Court ruled that the cocaine found in his
apartment should have been suppressed.  Pl. Reply at 2.  However, this would only be true if
Spencer alleged wrongdoing analogous to malicious prosecution.  See Wallace, 127 S.Ct. at
1097 (discussing Heck rule of delayed accrual for malicious prosecution claims).
        The difficulty in resolving this matter is that Spencer's accrual argument and the
ambiguity of his Complaint raise a doubt as to whether he actually intended to allege malicious
prosecution, or if his Reply merely makes a legal error with respect to the accrual of his
unreasonable search and/or seizure claim.  Settling this matter is not necessary for the
purposes of the instant motion, and the court will not attempt to do so at this time.  Regardless,
Spencer is advised that it would behoove him to clarify the nature of his Fourth Amendment
claim should he file an amended complaint.

[2]"The Judicial power of the United States shall not be construed to extend to any suit in
law or equity, commenced or prosecuted against one of the United States by Citizens of

state or a foreign state, the Supreme Court has long interpreted the Eleventh Amendment to also bar claims brought against a state by citizens of that state. Hans v. Louisiana, 134 U.S. 1, 17 (1890). The Eleventh Amendment also bars suits against state officials, such as Snyder,[3] for monetary damages. Edelman v. Jordan, 415 U.S. 651 (1974). Therefore, the court grants the motion to dismiss as to the State of Connecticut and as to Snyder in his official capacity.

## B.      Personal Involvement

Snyder claims that the Complaint fails to state a claim against him because he had no involvement in the events relevant to this action. Snyder asserts that he played no part in Spencer's arrest, and that he was not affiliated with the Statewide Narcotics Task Force (the "Task Force") when Spencer was arrested in 2000. In response, Spencer acknowledges that Snyder played no part in Spencer's arrest. He instead alleges that Snyder is liable because Snyder was a Captain in the Task Force at the time of Spencer's arrest. However, there is no supervisory liability under section 1983. Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002). To state a claim against Snyder by virtue of his role as a supervisor, Spencer must allege Snyder's "deliberate indifference to the rights of others by his failure to act on information indicating unconstitutional acts were occurring or for his gross negligence in failing to supervise his subordinates who commit such wrongful acts, provided that the plaintiff can show an affirmative causal link between the supervisor's inaction and her injury." Id. Because Spencer's

---

another State, or by Citizens or Subjects of any foreign state." U.S. CONST. amend. XI.

[3]Snyder is the current commander of the Statewide Narcotics Task Force.

Complaint does not allege an affirmative causal link between any action by Snyder and Spencer's claimed injuries, the court grants the motion to dismiss as to Snyder.

## IV. CONCLUSION

For the foregoing reasons, Snyder and the State of Connecticut's Motion to Dismiss (Doc. No. 17) is GRANTED. Spencer is hereby granted leave to amend his Complaint within twenty-one days of this Ruling to state a claim against Snyder and to clarify his Fourth Amendment claim for relief.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 18th day of April, 2007

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge